UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Justin Jamal Lewis, | ) | C/A No. 8:25-cv-1987-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Joe Biden, Rafael Riviere, Christopher A. Wray, | ) | |
| Ronald L. Davis, Henry McMaster, Mark Keel, | ) | |
| Frank Kelly, Casares, Mixon, Bell, Greer, | ) | |
| Greenway, Brown, Paul, Sergeant Weaver, | ) | |
| Legrant, Dennis Spencer, Price, Ann Joe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights.  Plaintiff is a state inmate in the custody of the South Carolina

Department of Corrections ("SCDC") and is presently confined at the Lee Correctional Institution

("Lee").  Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.  Pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate

Judge is authorized to review the Complaint for relief and submit findings and recommendations

to the district court.  For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief

pursuant to 42 U.S.C. § 1983.  ECF No. 1.  By Order dated March 20, 2025, the Court notified

Plaintiff that the Complaint was subject to summary dismissal for the reasons identified by the

Court in that Order.  ECF No. 9.  The Court noted, however, that Plaintiff may be able to cure the

pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id*. at 10–11. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 11 (emphasis omitted). Plaintiff was also warned that an amended complaint would replace all prior complaints and should be complete in itself and that any amended complaint would be subject to further review by the Court pursuant to 28 U.S.C. §§ 1915 and 1915A. *Id*.

Plaintiff filed an Amended Complaint, which was entered on April 7, 2025. ECF No. 11. Plaintiff's Amended Complaint, however, contains nearly identical allegations as his original Complaint and suffers the same defects, as discussed in detail below.

**Factual Allegations**

Plaintiff contends he bring this action to vindicate his constitutional violations for obstruction of justice, failure to protect, equal protection violations, due process violations, cruel and unusual punishment, discrimination, deliberate indifference, and violations of the Eighth and Fourteenth Amendments. ECF No. 11 at 8. Plaintiff's Statement of Claim is quoted below verbatim:

> On 12/14/24 Spencer assaulted inmate with a stick and threw chemicals on Plaintiff. An unknown inmate slammed Plaintiff's arm in door flap repeatedly on 12/31/24 and 3/3/25. On 11/22/24 Paul from maintenance inspected holes in wall, ceiling, floor and damaged light but took no action. On 12/31/24 Weaver was on duty when an unknown inmate slammed Plaintiff's arm in door flap repeatedly causing bruising and swelling. Weaver was notified of assault on 12/31/24, refused Plaintiff medical attention and took no action. On 2/13/25 Price was notified that Spencer threw feces through a hold in cell walls and took no action. On 12/14/24 Price was notified Spencer assaulted Plaintiff with stick and chemicals but took no action. On 3/3/25 Legrant was present in the area when an unknown inmate slammed Plaintiff's arm in flap repeatedly causing

bleeding, swelling, bruising, numbness, tingling, loss of range of motion and permanent scars but Legrant refused Plaintiff medical attention and took no action. On 3/5/25 Legrant witnessed Spencer throw feces on Plaintiff out of door flap, refused to give Plaintiff cleaning materials and took no action. Price, Weaver, and Legrant are guilty of breach of security, failure to protect, and medical neglect. On 3/3/25 Nurse Stevenson examined Plaintiff's injuries from assault by unknown inmate. On 3/27/25 LaPointe examined Plaintiff's injuries from 3/5/25 assault by unknown inmate ordering ibuprofen for 90 days and x-rays. Plaintiff met with Bell and Greer on 12/12/24, Greenway on 12/9/24, and SA Brown was notified of 12/31/24 assault on 1/21/25 yet neither of these Inspector General Officers took any action or otherwise protected Plaintiff resulting in Plaintiff being assaulted multiple times. Ann Joe of Bishopville Police Department was served first class notice of potential risk of harm to Plaintiff, no action was taken, and this resulted in Plaintiff being assaulted multiple times some life threatening. Kelly, Casares, and Mixon were served first class regarding potential risk of harm to Plaintiff, took no action, and their neglect resulted in Plaintiff being assaulted.

*Id.* at 7.

For his injuries, Plaintiff contends he has suffered left arm swelling, pain, bruising, numbness, skin damage, tingling, loss of range of motion, permanent scars, loss of feeling in his arm, right hand pain, stomach sickness from feces, extreme psychological injury, taking various medications, back pain, right and left knee damage, and nightmares. *Id.* at 10. Plaintiff requests $488 million in punitive damages and $42 million in actual damages. *Id.*

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if

Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Amended Complaint, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his

complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint is subject to dismissal for the reasons below.

**Defendants Entitled to Dismissal**

Many of the Defendants named in the Complaint are entitled to dismissal from this action for the reasons below.

### *No Allegations of Personal Involvement*

Most Defendants named in this action—including Biden, Riviere, Wray, Davis, McMaster, Keel, Kelly, Casares, Mixon, Bell, Greer, Greenway, Brown, and Kroder—are subject to dismissal because Plaintiff fails to make allegations about any direct, personal involvement in the events underlying the claims. Plaintiff merely names these Defendants in the caption and makes only

general allegations about the injuries allegedly suffered and about these Defendants' purported obligations to protect him from harm. However, "such general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim." *Tracey v. Nelson*, C/A No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *R&R adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). Because Plaintiff makes no factual allegations in the Complaint of personal involvement against these Defendants, they are entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

### *Supervisory Liability*

Many of these Defendants are also entitled to dismissal to the extent they are sued in a supervisory capacity. Plaintiff names former President Biden, South Carolina Governor McMaster, FBI Directors Riviere and Wray, United States Marshals Director Davis, Chief of the South Carolina Law Enforcement Division ("SLED") Keel, SCDC Inspector General Agents Kelly, Casares, Mixon, Bell, Greer, Greenway, and Brown. ECF No. 1–6. Plaintiff makes no allegations against these Defendants other than that they were put on notice of Plaintiff's fear that he would be harmed. *Id.* at 11 at 7, 9–10, 13. These Defendants, who are all high-ranking officials within the United States and State of South Carolina, appear to be named in this action because of their purported supervisory positions.

If Plaintiff's claims against these Defendants are based on supervisory liability, any such claims fail. The doctrine of respondeat superior is generally not applicable in § 1983 actions. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). For a supervisory official to be held liable for constitutional injuries inflicted by his subordinates, certain criteria must be established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Specifically, a plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) and deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter*, 164 F.3d at 221. Here, the Complaint does not contain plausible allegations against these Defendants to demonstrate that they were deliberately indifferent to any risk of constitutional injury to Plaintiff. As such, the Complaint fails to state a claim upon which relief may be granted against these Defendants for supervisory liability, and they should be dismissed from this action on that basis. *See Ford v. Stirling*, C/A No. 2:17-cv-02390-MGL, 2017 WL 4803648, at *2 (D.S.C. Oct. 25, 2017).

### *Immunity*

Some of these same Defendants would also be entitled to immunity from suit for the claims made against them for money damages. *See, e.g., Jenkins-Gaylord v. Biden*, C/A No. 2:24-cv-00017-BO, 2024 WL 5170758, at *1 (E.D.N.C. Dec. 19, 2024) ("The President of the United States enjoys absolute immunity for damages based upon official acts."); *Smith v. McMaster*, C/A No. 8:17-cv-2549-JMC-TER, 2017 WL 9286981, at *3 (D.S.C. Oct. 4, 2017) (finding Henry

McMaster, as Governor of South Carolina, was immune from § 1983 damages claim under the Eleventh Amendment).

### *No State Action*

Inmate Spencer, and any other inmate Plaintiff intends to sue, is entitled to dismissal because he is not a state actor subject to suit under 42 U.S.C. § 1983. It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999). Plaintiff has not alleged any facts showing that Inmate Spencer was somehow a state actor, and he is therefore subject to dismissal. *Smith v. Tobey*, C/A No. 6:22-cv-02666-HMH-KFM, 2022 WL 4472802, at *2 (D.S.C. Sept. 13, 2022) (finding inmates sued by the plaintiff were not state actors and subject to dismissal), *R&R adopted by* 2022 WL 4466696 (D.S.C. Sept. 26, 2022).

### *Insufficient Factual Allegations*

The remaining Defendants—including Paul, Weaver, Legrant, Stevenson, and Price—are all subject to dismissal because Plaintiff's cursory allegations are insufficient to state a claim for relief against them. Plaintiff alleges that Paul, a maintenance worker, inspected holes in the wall, ceiling, and floor with light wires damaged, but he took no action. ECF No. 11 at 7. Plaintiff contends he was injured by another inmate while Weaver was on shift, but Weaver refused medical attention and failed to act. *Id.* Plaintiff contends that Legrant was present in the area when Plaintiff was again injured by another inmate, but Legrant refused to call medical and failed to act or report the incident. *Id.* Plaintiff asserts that Stevenson examined Plaintiff's injuries on March 3, 2025.

*Id.* Plaintiff contends Price and Legrant were notified that Inmate Spencer threw feces into Plaintiff's cell but took no action. *Id.*

These cursory allegations are insufficient to state a claim of a constitutional magnitude. Because Plaintiff's Complaint lacks an arguable basis in law or fact against these Defendants, and his claims against these Defendants lack clarity and specificity, these Defendants must all be dismissed.

Further, some of the events alleged in the Amended Complaint occurred after Plaintiff commenced the present action. Any claims asserted for events that occurred after Plaintiff filed the action would be barred as Plaintiff could not have exhausted his administrative remedies as to those claims prior to commencing this action. *See Yarmai v. Carvajal*, C/A No. 5:21-cv-00263, 2022 WL 20560098, at *1 (S.D.W. Va. Aug. 30, 2022) (warning plaintiff that his attempt to amend his complaint based on claims occurring after the filing of his initial complaint would subject those claims to dismissal under the PLRA's exhaustion requirement). "While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity[,] if the lack of exhaustion is apparent on the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate." *Johnson v. Stirling*, C/A No. 9:18-cv-3028-RMG-BM, 2019 WL 7285022, at *4 (D.S.C. Sept. 13, 2019) (finding the plaintiff's attempt to add claims that occurred after the commencement of the action demonstrated, on the face of the complaint, that the prisoner had failed to exhaust his administrative remedies), *R&R adopted by* 2019 WL 5304217 (D.S.C. Oct. 21, 2019), *aff'd*, No. 19-6657, 2021 WL 5563933 (4th Cir. Nov. 29, 2021).

**Failure to State a Claim**

The claims in Plaintiff's Amended Complaint, as alleged, fail to state a claim for relief that is plausible. Plaintiff asserts, in a conclusory and summary fashion, a laundry list of issues regarding the conditions of his confinement and his treatment while an inmate at Lee. "Plaintiff's Complaint throws the proverbial 'kitchen sink' at the Defendants, setting forth a litany of general complaints he ha[s] about the conditions under which he [is being] held." *Crouchman v. Pickens Cnty. Council*, C/A No. 9:16-cv-0804-CMC-BM, 2017 WL 767185, at *11 (D.S.C. Feb. 3, 2017), *R&R adopted by* 2017 WL 749393 (D.S.C. Feb. 27, 2017). A pleading is insufficient to survive dismissal where the asserted claims are "premised on rambling, unconnected, and conclusory allegations that make it difficult to ascertain the true facts underlying the claims against Defendants." *Jennings v. Sheppard*, C/A No. 2:21-cv-00449-JFA-MGB, 2022 WL 891703, at *4 (D.S.C. Feb. 22, 2022), *R&R adopted by* 2022 WL 891649 (D.S.C. Mar. 25, 2022). "This Court is not empowered to cobble together facts from the Complaint to validate Plaintiff's vague and presumptive claims of inadequate medical treatment" or unconstitutional conditions of confinement. *Id*. The Fourth Circuit has explained that the "principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "[T]hough *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276. Plaintiff has presented his claims as a rambling list of complaints, conclusory assertions, and legal conclusions without any factual support. Therefore, Plaintiff has failed to state a claim for relief.

**This Action is Duplicative**

Many of the allegations in the Complaint appear to be similar to those made in other actions filed by Plaintiff that are pending before the Court.[1]  For example, in case number 8:25-cv-0213, Plaintiff makes identical allegations about an inmate throwing feces into his cell during the same period of time complained of in the present case.  "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to [§] 1915(e).  Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two."  *Cottle v. Bell*, C/A No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. 2000) (citations omitted).  Given the similarities between the allegations in the prior actions and those in the present action, Plaintiff's claims in this action may be dismissed as duplicative.  *See, e.g.*, *Harrison v. South Carolina*, 126 F. App'x 100, 101 (4th Cir. 2005); *see also Shaw v. Byars*, C/A No. 9-12-cv-2830-RBH, 2012 WL 6138325, at *2 (D.S.C. Dec. 11, 2012) (dismissing action as duplicative).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action without further leave to amend and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

April 8, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[1] Plaintiff has pending actions at case numbers 8:25-cv-0213, 8:24-cv-7660, and 8:24-cv-5557 in which he presents many similar claims against some of the same Defendants as in the present case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).