IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Jamal Lewis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:25-cv-1987-BHH |
| v. ) | |
| ) | **ORDER** |
| Joe Biden, Rafael Riviere, Christopher ) | |
| A. Wray, Ronald L. Davis, Henry ) | |
| McMaster, Mark Keel, Frank Kelly, ) | |
| Caseres, Mixon, Bell, Greer, Greenway, ) | |
| Brown, Paul, Sergeant Weaver, ) | |
| Legrant, Dennis Spencer, Price, ) | |
| Ann Joe, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Justin Jamal Lewis's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On April 8, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss Plaintiff's complaint without service of process and without further leave to amend. (ECF No. 16.) In the Report, the Magistrate Judge explained that: (1) many Defendants are subject to dismissal because Plaintiff fails to allege any direct, personal involvement in the events underlying his claims: (2) many Defendants are entitled to dismissal to the extent they are sued in a supervisory capacity; (3) some Defendants are immune from suit for claims against them for money damages; (4) Defendant Spencer is not a state actor subject to suit under § 1983; (5) the allegations against the remaining Defendants are insufficient to state

a claim for relief against them; and (6) this action is subject to dismissal because it is duplicative. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 16), and the Court dismisses this action without service of process and without further leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 29, 2025
Charleston, South Carolina